IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BEVERLY D. WILLIAMS                                                                                          PLAINTIFF

vs.                                              Civil No. 1:08-cv-01018

MICHAEL J. ASTRUE                                                                                            DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Beverly D. Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED.**

1.   **Background:**

This case has been on-going for over sixteen years. As such, it has a long and complicated procedural history. On December 1, 1995, Plaintiff filed her first application for DIB. (Tr. 98-101). That application was denied initially and again upon reconsideration, and it appears Plaintiff took no further action with regard to that application. (Tr. 67-68). On November 26, 1997, Plaintiff filed her

second application for DIB and an application for SSI.[1] (Tr. 103-105). Her protective filing date was September 29, 1997. (Tr. 102). These applications were denied initially and again on reconsideration. (Tr. 69-72). Plaintiff's first administrative hearing on these applications was held on January 26, 1999. (Tr. 40-66). On July 30, 1999, subsequent to that hearing, an ALJ issued an unfavorable decision denying Plaintiff's request for disability benefits. (Tr. 11-20).

Plaintiff appealed this unfavorable decision to the U.S. District Court for the Western District of Arkansas, El Dorado Division. (Tr. 269-278). That appeal was favorable to Plaintiff. On August 19. 2002, the Honorable U.S. Magistrate Judge Bobby E. Shepherd remanded Plaintiff case to the SSA for further administrative proceedings. *Id.* One reason for the remand was the fact that the ALJ "failure[d] to articulate his reasons for discrediting said [Plaintiff's] complaint in relation to the diagnosis of major depression." (Tr. 277-278). On August 14, 2003, the ALJ held a second administrative hearing. (Tr. 320-334). Subsequent to that hearing, on December 5, 2003, the ALJ issued a second unfavorable decision. (Tr. 245-262).

Plaintiff filed a second appeal to the U.S. District Court for the Western District of Arkansas, El Dorado Division. (Tr. 461-469). That appeal was favorable to Plaintiff. On July 24, 2006, Judge Shepherd again remanded Plaintiff's case to the SSA for further administrative proceedings. *Id.* Notably, Judge Shepherd held a remand was required because the ALJ failed to develop the record as to both Plaintiff's mental and physical impairments. *Id.* The ALJ held a third administrative hearing.[2] Subsequent to that hearing, on December 20, 2007, the ALJ entered a partially favorable

---

[1] Plaintiff filed an SSI application, but a notation in the record states that none of the SSI documents were available for inclusion into the transcript. Thus, none of the page numbers for Plaintiff's SSI documents are included in this opinion.

[2] It does not appear this hearing transcript was included in the record.

decision awarding Plaintiff SSI benefits beginning after April 14, 2004.[3]  (Tr. 391-399).

Because this award was only partially favorable, Plaintiff filed a third appeal with the U.S. District Court for the Western District of Arkansas, El Dorado Division.  (Tr. 400-408).  The SSA then moved to remand the case for a third time, stating the administrative transcript was not complete. *Id.*  Plaintiff did not respond to this Motion, and this Court remanded Plaintiff's case for a third time for further administrative proceedings. *Id.*  After this remand, on July 8, 2008, the Appeals Council of the SSA vacated the ALJ's partially favorable decision and ordered that the ALJ hold yet another administrative hearing.  (Tr. 366-367).

On August 5, 2009, a fourth administrative hearing was held.  (Tr. 725-778).  Plaintiff was present and represented by David Trussell. *Id.*  Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *Id.*  Subsequent to this hearing, on January 28, 2010, the ALJ entered an unfavorable decision denying Plaintiff's disability applications and denying Plaintiff's entitlement to both DIB and SSI.[4]  (Tr. 338-356).  This is the denial currently before this Court.  Plaintiff's current alleged onset date is March 9, 2001.  (Tr. 745-746).

In his decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2002.  (Tr. 341, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 9, 2001, her amended alleged onset date.  (Tr. 341, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: osteoarthritis bilateral knees; asthma; bipolar disorder; personality disorder; obesity; hypertension; diabetes; and obstructive sleep apnea.  (Tr. 341, Finding 3).  The ALJ, however, also determined Plaintiff did not

---

[3] It appears this date was chosen because Plaintiff filed a separate SSI application in April of 2004.  (Tr. 507-509).  The fact a second SSI application was filed is not important to the outcome of this decision.

[4] Since Plaintiff was in pay status for SSI, it appears Plaintiff's SSI benefits terminated as of the date of that opinion.

have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 341-343, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 343-354, Finding 5). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall record and were not fully credible. *Id.* Second, in accordance with that finding, the ALJ determined Plaintiff retained the RFC to perform the following:

> The claimant retains the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; and push/pull 20 pounds occasionally, 10 pounds frequently. Mentally, retains the residual functional capacity to understand, remember and carry out simple job instructions (SVP-2); make judgments in simple work-related situations; respond appropriately to co-workers and supervisors with only incidental contact that is not necessary to perform work; and respond appropriately to minor changes in the usual work routine.

(Tr. 343).

The ALJ determined Plaintiff was thirty-eight (38) years old on her amended alleged onset date. (Tr. 354, Finding 7). Such a person is classified as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 354, Finding 8). The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 354, Finding 6). The ALJ determined Plaintiff's PRW included work as a life skill aide and as a home health aide, both skilled occupations. *Id.* Based upon her RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ also evaluated whether Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 354-355, Finding 10). The VE testified at the administrative hearing on this issue. (Tr. 773). Specifically, the VE testified that a hypothetical individual with

Plaintiff's age, education, work experience, and above-stated RFC would be able to perform work as a production assembler (light, unskilled) with approximately 6,500 such jobs in Arkansas and 170,000 such jobs in the nation; and as a cleaner or housekeeper (light, unskilled) with approximately 3,600 such jobs in Arkansas and 400,000 such jobs in the nation. *Id.* Based upon this determination, the ALJ determined Plaintiff had not been disabled from March 9, 2001 through the date of the ALJ's decision or through January 28, 2010. (Tr. 355, Finding 11).

The Appeals Council did not assume jurisdiction of this case, and the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. §§ 404.984, 416.1484 (stating that "when a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case"). On April 7, 2011, this Court reopened this case. ECF No. 9. An updated transcript has been filed, and both Parties have filed appeal briefs. ECF Nos. 16, 21. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff raises several arguments for reversal in her briefing. ECF No. 16 at 26-33. Importantly, Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. *Id.* Having carefully reviewed the record in this action, this Court finds this argument is merited. The ALJ did not properly consider the side effects of Plaintiff's bipolar medication in assessing her RFC and, as such, this case must be reversed.

In his opinion, the ALJ relied very heavily upon the finding that Plaintiff's impairments (including her bipolar disorder) were controlled with medication. Indeed, the ALJ stated the following regarding Plaintiff's medications: "the claimant testified at the supplemental hearing held on August 5, 2009 that her medications were controlling her symptoms." (Tr. 353). Based upon that finding, the ALJ disregarded Plaintiff's alleged limitations, citing the fact that impairments which can be controlled with medication are not considered disabling. *See, e.g., Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007) (recognizing that impairments which can be controlled by treatment or medication cannot be considered disabling) (citation omitted). Thus, because her impairments are controlled with medication, this Court must assume Plaintiff would be required to take her medication while working.

The ALJ then noted Plaintiff was currently taking Amanex, Inhaler, and Ventolin (for her asthma); and Symbyax (for her bipolar disorder). (Tr. 348). The ALJ noted Plaintiff claimed these medications (including the medication for her bipolar disorder) caused drowsiness and sleepiness. (Tr. 348). The ALJ recognized these limitations but then stated without any medical support whatsoever that "these alleged side effects are not enough to impede her ability to perform a full range of light/unskilled work activity." *Id.*

As an initial matter, the ALJ's characterization of Plaintiff's testimony is not accurate. In fact, Plaintiff testified at the administrative hearing on August 5, 2009 that these medications caused her to be unable "to wake up" such that she is "drowsy and sleepy all, all, all the time." (Tr. 767). Further, despite the ALJ's decision to entirely disregard Plaintiff's subjective complaints on this matter, her claim regarding the side effects of her bipolar medication is also supported by her medical records. (Tr. 560). For instance, on April 8, 2004, Plaintiff was admitted to St. Vincent Doctor's Hospital for her bipolar disorder. (Tr. 560-561). Plaintiff was admitted because she was unable to attend school and take her bipolar medication. *Id.* Her medication was making her "too sedated and she can not study." *Id.*

Despite this evidence, the ALJ totally disregarded Plaintiff's claim that her medication impacted her ability to work. The ALJ also did not include this limitation in his hypothetical to the VE. (Tr. 772-773). Accordingly, because the ALJ did not consider this limitation and disregarded the side effects of Plaintiff's bipolar medication without sufficient support, his RFC determination is not supported by substantial evidence in the record, and this case must be reversed.

Further, if this limitation due to her medication had been found to be credible, Plaintiff would have been found to be disabled. The VE testified that if Plaintiff did have such a limitation in concentration, she would be unable to work:

> Q:   Now assuming the same physical limitations, you know, hypothetical I gave you in terms of light residual functional capacity, further assume that then that individual would be unable to sustain attention and concentration for a two hour period. Would that eliminate those jobs?
>
> A:   Yes, sir it would, and all others.

(Tr. 773).

Accordingly, this Court finds no further administrative development is necessarily, and this

8

case can be reversed and rendered. *See Andler v. Chater,* 100 F.3d 1389, 1394 (8th Cir. 1996) (holding that "[i]f the record presented to the ALJ contains substantial evidence supporting a finding of disability, a reviewing court may reverse and remand the case to the district court for entry of an order granting benefits to the claimant"). Such a remedy is especially appropriate where "further hearings would merely delay benefits." *Id.* In this case, remanding Plaintiff's over sixteen-year-old action for a *fifth* administrative hearing would certainly unnecessarily delay an award of benefits.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record. Further, as outlined above, the record contains substantial evidence supporting a finding of disability. Thus, this Court recommends Plaintiff's case be reversed and rendered with a direction to the SSA to award benefits. The SSA should be directed to calculate Plaintiff's past-due benefits from her alleged onset date of March 9, 2001. Such an onset date is consistent with the findings of Plaintiff's treating physician, Dr. Joe Wharton. (Tr. 296-297, 315).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 6th day of February, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE